**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4250**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALONZO BRISCOE, a/k/a Larwar Jackson, a/k/a
Joshua Kelly,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Richard D. Bennett, District Judge.
(1:05-cr-00093-RDB)

Submitted:  October 27, 2006      Decided:  November 14, 2006

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Martin G. Bahl, Staff
Attorney, Joanna Silver, Assistant Federal Public Defender,
Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United
States Attorney, Michael C. Hanlon, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Alonzo Briscoe appeals his sentence to 204 months in prison and five years of supervised release after a jury convicted him of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). On appeal, Briscoe contends the district court violated the Sixth Amendment by sentencing him as an armed career criminal pursuant to 18 U.S.C. § 924(e) (2000) and U.S. Sentencing Guidelines Manual § 4B1.4 (2005), because his prior convictions were neither charged in the indictment nor proven to the jury beyond a reasonable doubt. We affirm.

We will affirm the sentence imposed by the district court as long as it is within the statutorily prescribed range and is reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). An error of law or fact can render the sentence unreasonable. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). In considering whether a sentence is unreasonable, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006).

On appeal, Briscoe does not challenge the existence of his prior convictions or their qualification as predicate offenses under 18 U.S.C. § 924(e). Rather, he argues that the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), has been effectively overruled. We have rejected this

argument.  See United States v. Cheek, 415 F.3d 349 (4th Cir.),

cert. denied, 126 S. Ct. 640 (2005).

Accordingly, we affirm Briscoe's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED